# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Kenneth Richter, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br> -v.-<br><br>Aargon Agency, Inc. d/b/a Aargon Collection Agency,<br><br>       Defendant(s). | C.A. No: 3:23-cv-220<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kenneth Richter (hereinafter, "Plaintiff"), a Florida resident, brings this Class Action Complaint by and through his attorneys, against the Defendant Aargon Agency, Inc. d/b/a Aargon Collection Agency (hereinafter, "Defendant" or "Aargon"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1. Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt

1

collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Florida consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, County of Duval.

8. Defendant Aargon is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for process service care of the Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

9. Upon information and belief, Defendant Aargon is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of Florida;

    b. with whom the Defendant Aargon communicated in an attempt to collect a consumer debt;

    c. which communication(s) included telephone calls despite the individuals' express instructions to no longer call; and

    d. which communication(s) occurred on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's telephonic communications with consumers, despite being expressly instructed to no longer call, violate 15 U.S.C. §§ l692c, l692d and/or l692e.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's telephonic communications with consumers, despite being expressly instructed to no longer call, violate 15 U.S.C. §§ 1692c, 1692d and/or 1692e.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the allegations above as if set forth here.

20. Some time prior to February 3, 2023, an obligation was allegedly incurred to the creditor that engaged Aargon to collect the consumer debt ("Creditor"), a non-party to the instant lawsuit.

21. Upon information and belief, the subject obligation arose out of consumer services. The subject debt was incurred solely for personal, household or family purposes.

22. Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

23. The subject obligation is consumer-related, and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Upon information and belief, Creditor contracted with the Defendant Aargon for the purpose of debt collection. Therefore, Defendant Aargon is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

25. Defendant uses the instrumentalities of interstate commerce or the mail in its business, the principal purpose of which is the collection of consumer debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violations – Collection Communications*

26. On or about February 3, 2023, Plaintiff returned a collection call(s) placed by Defendant in an attempt to collect the debt allegedly owed to Creditor.

27. However, Plaintiff did not recognize the debt and expressly instructed the Defendant to stop calling.

28. Notwithstanding the foregoing, Defendant initiated at least two (2) additional telephone calls with the Plaintiff in an attempt to collect the debt, including but not limited to, on February 8, 2023 and February 13, 2023 (the "Calls").

29. Thus, *without explanation*, the collection Calls continue despite the Plaintiff's clear and unequivocal instructions to the Defendant to stop calling.

30. These Calls are nonsensical.

31. These Calls do not make sense.

32. The Calls are meant to harass and abuse the Plaintiff.

33. By virtue of the Plaintiff's specific instructions, Defendant knows or has reason to know that Calls to the Plaintiff's phone is an inconvenient place to communicate.

34. The collection Calls, despite the specific instructions to cease same, was conduct the natural (and actual) consequence of which was harassment and abuse to the Plaintiff.

35. Accordingly, Plaintiff suspected that the Calls (and the underlying debt) may be fraudulent or suspect, made in an attempt to induce erroneous payment of a debt that he did not recognize.

36. Plaintiff was therefore unable to make payment on the debt.

37. The funds the Plaintiff could have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

38. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that he did indeed owe the debt.

39. Defendant's conduct prevented the Plaintiff from acting in the way he would have otherwise acted had the Defendant's Calls not been improper.

40. Plaintiff was unable to properly respond as it would be foolhardy for the Plaintiff to pay some or all of this debt when the Calls demanding payment did not make sense.

41. A failure to cease communications is a quintessential example of a forbidden collection tactic that could cause a consumer to pay as a means of avoiding further harassment and abuse.

42. The Calls are therefore false, deceptive, misleading, and unfair.

43. Because of the Defendant's improper acts, Plaintiff expended time and money in determining the proper course of action.

44. He spent this trying to mitigate harm in the form of dominion and control over his funds.

45. He spent this trying to mitigate the harm from the Defendant's negative credit information furnishment concerning the collection, and ultimate dissemination to third parties, to the financial and reputational detriment of the Plaintiff.

46. Defendant's improper acts caused the Plaintiff to suffer emotional harm, including stress.

47. Plaintiff's emotional harm manifested itself physically in the form of increased heartrate.

48. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

49. The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

50. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent misrepresentation, negligent infliction of emotional distress, defamation and conversion.

51. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

52. These violations by the Defendant were knowing, willful, negligent and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid any such violations.

53. Defendant's collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

54. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendant's

collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

55. As described above, Plaintiff was misled to his detriment by the statements in the Calls, and relied on the contents of the Calls to his detriment.

56. As described above, Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

57. As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, the Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692c *et seq.*

58. Plaintiff repeats the allegations above as if set forth here.

59. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

60. Pursuant to 15 U.S.C. §1692c(a)(1), "[w]ithout the prior consent of the consumer given directly to the debt collector … a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…"

61. Defendant violated §1692c by, as set forth above, making the Calls despite knowing that the Calls were inconvenient for the Plaintiff.

62. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692c et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

63. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

64. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

65. Pursuant to 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

66. Defendant violated this section by, as described above, continuing to makes the collection Calls to the Plaintiff despite knowing or having reason to know that the Defendant was told to stop and by failing to advise the Plaintiff

how to stop the Calls, the natural (and actual) consequence of which was harassment and abuse.

67. By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692d et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

68. Plaintiff repeats the allegations above as if set forth here.

69. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

70. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

71. Defendant violated §1692e by, as described above, making false and misleading representations/omissions concerning the character, amount and legal status of the debt in violation of §§ 1692e, 1692e(2)(A) and/or 1692e(10).

72. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and

that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

73. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kenneth Richter, individually and on behalf of all others similarly situated, demands judgment from the Defendant Aargon, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and undersigned as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 27, 2023

Respectfully Submitted,

**ZEIG LAW FIRM, LLC**
<u>*/s/ Justin Zeig*</u>
Justin Zeig, Esq.
3475 Sheridan Street, Ste 310
Hollywood, FL 33021
Phone: (754) 217-3084
Justin@zeiglawfirm.com
*Attorney for Plaintiff*